UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA ANN MEDINA,

        Petitioner,

v.

JEREMY HOWARD,

        Respondent.
_____/

Case No. 20-12615

Stephanie Dawkins Davis
U.S. District Judge

**OPINION AND ORDER SUMMARILY DENYING PETITION
FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE
OF APPEALABILITY, AND DENYING PERMISSION TO
APPEAL IN FORMA PAUPERIS**

Melissa Ann Medina, ("Petitioner"), a prisoner at the Huron Valley Comlex, filed this action under 28 U.S.C. § 2254. Petitioner pleaded guilty in the Grand Traverse Circuit Court to conspiracy to deliver/manufacture 1000 or more grams of a controlled substance. Mich. Comp. Laws § 333.7401(2)(a)(i). Petitioner was sentenced to 21-to-33 years. Petitioner claims that she is entitled to resentencing because her 21-year minimum term was disproportionate and an unreasonable departure from the recommended sentencing guidelines range.

The Court will summarily deny the petition because the claim is without merit. The Court will also deny a certificate of appealability and deny permission to appeal *in forma pauperis*.

1

I.     **SUMMARY DISMISSAL**

Upon receipt of a habeas corpus petition, a federal court must "promptly examine [the] petition to determine 'if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.'" *Crump v. Lafler*, 657 F.3d 393, 396 n. 2 (6th Cir. 2011) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The Sixth Circuit disapproves of ordering a response to a habeas petition "until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id*. at 141. After undertaking the review required by Rule 4, this Court concludes that Petitioner's claim does not entitle him to habeas relief and the petition must be summarily denied. *See Mcintosh v. Booker*, 300 F.Supp.2d 498, 499 (E.D. Mich. 2004).

II.     **DISCUSSION**

Petitioner pleaded guilty in state court to conspiracy to deliver/manufacture 1000 or more grams of a controlled substance. Mich. Comp. Laws § 333.7401(2)(a)(i). The statute calls for a maximum penalty of "imprisonment for

2

life or any terms of years." *Id.* Petitioner asserts that the sentencing guidelines were calculated to recommend that her minimum term to be set between 135 and 225 months. (ECF 1, PageID.5). Petitioner's 252-month minimum term exceeded the recommended range by 27 months. The trial court characterized this as a "modest departure." The court stated, "I'm departing because of her involvement of young people – particularly and especially her own two children in the drug distribution business that she ran, and the involvement particularly of her own family and also other young people are not considered in the guideline range, in my opinion. It's a substantial and compelling reason to depart for a modest departure." (*Id*. at PageID.14). Petitioner asserts that the departure was unreasonable because the other people were "above the age of majority at the time of the offenses and able to make their own independent decision. There was no evidence on the record that Ms. Medina did anything to coerce her adult children, or any other persons, to do her bidding." *Id*. Petitioner asserts that her sentence was "unreasonable and disproportionate."

    A federal court may grant a writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). Therefore, violations of state law and procedure, which do not infringe specific federal constitutional protections, are not cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62 (1991).

3

Petitioner contends that her sentence was disproportionate to her crime. "[T]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). Federal courts must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003) (citing *Harmelin*, 501 U.S. at 999). Where a sentence is within the statutory limits, trial courts are accorded "wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (quoting *Williams v. New York*, 337 U.S. 241, 245, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949)). The "actual computation of [a defendant's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)).

Petitioner's sentence is within the statutory limits for her crime, which was up to life imprisonment or any term of years. Mich. Comp. Laws § 333.7401(2)(a)(i). And her prison term, while lengthy, is not grossly disproportionate to her offense. *Friday v. Straub*, 175 F.Supp.2d 933, 941 (E.D. Mich. 2001) (sentence of 22 to 40 years' imprisonment was not cruel and unusual

4

punishment for conviction of delivering less than 50 grams of cocaine); *Sanders v. McKee*, 276 F.Supp.2d 691, 700 (E.D. Mich. 2003) (defendant's sentence to 15 to 40 years' imprisonment for delivering, and conspiring to deliver, less than 50 grams of cocaine was not grossly disproportionate).

Petitioner's argument that her sentence was also "unreasonable" raises only a state law claim. In *People v. Lockridge*, 498 Mich. 358 (2015), the Michigan Supreme Court made the state sentencing guidelines advisory rather than mandatory but did not give the sentencing court unrestricted discretion to sentence outside the guidelines range. *Id*. at 392. Where the court sentences outside the applicable sentencing guidelines range, as here, the resulting sentence must be reasonable. *Id*. "Reasonableness" as used in *Lockridge* is determined by application of the Michigan Supreme Court's decision in *People v. Milbourn*, 435 Mich. 6301 (1990). *People v. Steanhouse*, 500 Mich. 453 (Mich. 2017). Petitioner's claim that her sentence was unreasonable is therefore based upon state law principles established in *Milbourn* and not any principle of federal constitutional law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'") (quoting 28 U.S.C. § 2254(a)). Accordingly, the petition will be summarily denied because the claim is not cognizable and otherwise without merit.

Finally, Petitioner is not entitled to a certificate of appealability because she has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). She is not entitled to permission to appeal *in forma pauperis* because any appeal would be frivolous. 28 U.S.C. § 1915(a)(3).

### III. ORDER

Accordingly, the Court 1) summarily **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**IT IS SO ORDERED**.

Dated: December 11, 2020

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States District Judge